ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| **REGALADO LÓPEZ RIJOS y otros**<br><br>Recurrido<br><br>v.<br><br>**JOSÉ RAMÓN MORALES LÓPEZ**<br><br>Peticionario | KLCE202400420 | **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala Superior de **Fajardo**<br><br>Civil Núm.: FA2024CV00172<br><br>Sobre: Impugnación o Nubilidad de Declaratoria de Herederos |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Cintrón Cintrón, Jueza Ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 31 de mayo de 2024.

Mediante *Petición de Certiorari Civil,* comparece ante este Foro el señor José Ramón Morales López (señor Morales López o peticionario) y solicita que revisemos la *Orden* emitida el 8 de abril de 2024, por el Tribunal de Primera Instancia, Sala Superior de Fajardo. Mediante la misma, el TPI declaró *No Ha Lugar* la *Moción de Desestimación por Falta de Parte Indispensable* presentada por el peticionario.

Por los fundamentos que expresamos a continuación, se deniega la expedición del auto de *certiorari* solicitado.

**I.**

Según surge del expediente, el 20 de febrero de 2024 la Sucesión de Ramón López Rodríguez y la Sucesión de Isabel Rijos Castro, compuesta por Regalado López Rijos y Yolanda López García (parte recurrida) instaron una *Demanda* sobre cancelación de

asiento de inscripción en contra del aquí peticionario, el señor Morales López. Alegaron que eran los legítimos herederos de los caudales relictos de sus abuelos, quienes murieron intestados. Adujeron que, mediante resoluciones de herederos, el tribunal previamente declaró herederos con derecho a la participación hereditaria del inmueble de los causantes Ramón López Rodríguez e Isabel Rijos Castro a las siguientes personas: Regalado, Enrique Luis, Ramona, Gabriel, Carlota, Lidia Esther y Ramón, todos de apellidos López Rijos. Añadieron que el señor Morales López es también heredero del caudal de los causantes de epígrafe, sus abuelos, por representación de la que fue su madre Lidia Esther, quien murió intestada. Arguyeron que el único inmueble del caudal relicto es una propiedad localizada en el municipio de Luquillo, adquirida por los causantes en el 1976. Esbozaron que el señor Morales López, mediante trata y engaño, obtuvo tres (3) resoluciones de herederos fraudulentas, las cuales fueron presentadas en el Registro de la Propiedad sección de Fajardo, lo que le otorgó publicidad como único dueño y titular del caudal de los causantes concernidos.[1]

A raíz de lo anterior, y entre otras cosas, la Sucesión de Ramón López Rodríguez y la Sucesión de Isabel Rijos Castro solicitaron al TPI que expidiera orden y mandamiento dirigido al Registrador de la Propiedad Sección de Fajardo para que cancelara en su totalidad el asiento de inscripción cinco (5) de la finca 6582 del 30 de junio de 2023. Lo anterior, por haber sido promovido por el señor Morales López a sabiendas de que era un fraude, con el cual solo buscaba enriquecerse injustamente sobre las participaciones indivisas de los demás herederos.

---

[1] Casos número: LU2023CV00137, LU2023CV00138 y LU2023CV00136.

Luego de varios trámites, el 9 de marzo de 2024, el señor Morales López incoó una moción de desestimación por falta de parte indispensable. En su comparecencia, adujo que los herederos mencionados en la demanda de referencia no eran los únicos coherederos que poseen intereses en la propiedad en cuestión, toda vez que había al menos unos 13 coherederos cuyos derechos se afectarían por una sentencia del Tribunal de no incluirse en el pleito. Destacó que la controversia a resolverse, si la propiedad es o no es de las Sucesiones de Ramón López Rodríguez e Isabel Rijos Castro, impactaba los derechos de cada uno de los coherederos, por lo que eran parte indispensable. Esgrimió que el foro de instancia no podría conceder el remedio solicitado en la demanda sin afectar los derechos de los coherederos que no eran parte por lo que la demanda debía desestimarse.

Por su parte, la Sucesión de Ramón López Rodríguez y la Sucesión de Isabel Rijos Castro se opusieron al petitorio del señor Morales López. Específicamente, alegaron que esta no procedía conforme a derecho porque el remedio solicitado en la demanda es una cancelación de inscripción en el Registro de la Propiedad. Particularizaron que no era necesario traer los herederos mencionados por el señor Morales López a un asunto en el cual no tenían nada que reclamar.

Atendidos ambos escritos, el foro *a quo* denegó la solicitud de desestimación presentada por el señor Morales López. En desacuerdo, este acude ante este Foro mediante el recurso que nos ocupa y le imputa al TPI la comisión del siguiente error:

A. Erró el Tribunal de Primera Instancia al no desestimar la demanda, cuando de ésta surge que hay terceros coherederos que son partes indispensables a quienes sus derechos se les afectarán en este caso, y sin cuya acumulación ese Tribunal está impedido de emitir un relevo completo.

Junto a su recurso, el señor Morales López instó una *Moción en Auxilio de Jurisdicción*, con el propósito de que se paralizaran los efectos de la orden recurrida hasta tanto resolviéramos en los méritos el recurso.

El 11 de abril de 2024, emitimos *Resolución*, mediante la cual declaramos *No Ha Lugar* la moción el auxilio de jurisdicción y le concedimos a la parte recurrida un término para someter su posición en torno al recurso de *certiorari*. El 2 de mayo de 2024, la parte recurrida compareció. Procedemos a resolver.

**II.**

El recurso de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores que cometa el foro primario, sean procesales o sustantivos. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, 2023 TSPR 65, resuelto el 8 de mayo de 2023; *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *León v. Rest. El Tropical*, 154 DPR 249 (2001). La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone taxativamente los asuntos que podemos atender mediante el referido recurso. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994 (2021); *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478 (2019).[2]

Sin embargo, distinto al recurso de apelación, la expedición del auto de *certiorari* está sujeta a la discreción del foro revisor. La discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión ecuánime.

---

[2] El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Regla 52.1 de Procedimiento Civil, *supra*.

Ahora bien, no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *García v. Padró*, 165 DPR 324, 334-335 (2005).

Así, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari,* la Regla 40 del Reglamento del Tribunal de Apelaciones enumera los criterios que viabilizan dicho ejercicio. En particular, la referida Regla dispone lo siguiente:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, tomar la determinación de si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.

Además, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas y le compete a la parte

que las impugne probar lo contrario. *Vargas v. González,* 149 DPR 859, 866 (1999).

**III.**

En su escrito, el peticionario arguye que el TPI erró al no desestimar la causa de acción de referencia debido a que faltan partes indispensables. Entiende que hay al menos 13 coherederos con intereses propietarios en riesgo que deben ser incluidos en el pleito instado por la Sucesión de Ramón López Rodríguez y la Sucesión de Isabel Rijos Castro. Añade el peticionario que, para ordenar la cancelación de la inscripción en el Registro de la Propiedad, el Tribunal tiene que pasar juicio *a priori,* sobre si en realidad se cometió fraude y engaño para obtener las resoluciones de herederos concernidas y si en efecto, éste es el verdadero dueño de la finca ubicada en Luquillo. Asimismo, aduce que, si el Tribunal determina que la inscripción fue correcta, los derechos de los demás coherederos se verían fatalmente destruidos.

Por otro lado, la parte recurrida entiende que, ante la etapa procesal en la cual se encuentra el caso, cuando aún ni se ha contestado la demanda, no se justifica nuestra intervención con el pronunciamiento impugnado. A lo anterior añade que ninguno de los criterios que establece la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* se encuentra presente en el recurso de epígrafe para su expedición.

Analizado el expediente a la luz de las circunstancias específicas de este caso, así como el derecho aplicable, determinamos denegar la expedición del auto solicitado. No encontramos justo motivo para alterar, como pretende el peticionario, la determinación que hizo el TPI en el ejercicio de su sana discreción. Esta no presenta indicios de prejuicio, parcialidad o error craso o manifiesto.

Nótese que en la demanda de referencia se señala directamente al peticionario como responsable de cometer fraude en la inscripción cinco (5) de la finca 6582 en el Registro de la Propiedad, asunto que deberá resolver el Tribunal en su día. En lo pertinente, la Regla 16.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 16.1, dispone que son parte indispensable: "[l]as personas que tengan un interés común sin cuya presencia no pueda adjudicarse la controversia [...]" Entiéndase que, es indispensable aquella parte a quien se le violentaría su debido proceso de ley si se adjudica la controversia sin su presencia. *Rivera Marrero v. Santiago Martínez,* 203 DPR 462 (2019). En consonancia con lo anterior, el Tribunal Supremo de Puerto Rico ha establecido que, a pesar de que la omisión de una parte indispensable es motivo para desestimar un pleito, no existe impedimento para conceder la oportunidad de traerla al pleito siempre y cuando el tribunal pueda adquirir jurisdicción sobre la misma. *Deliz et als. v. Igartúa et als.*, 158 DPR 403, 433 (2003).

Tampoco encontramos que concurra criterio o situación alguna que nos mueva a intervenir con la determinación del TPI para evitar un fracaso de la justicia. Por tanto, lo razonable es abstenernos de ejercer nuestra función revisora en esta etapa de los procedimientos.

**IV.**

Por los fundamentos que anteceden, se deniega la expedición del auto de *certiorari*. Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones